IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN W. BOHN, #475159, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-02708-JPG |
| | ) |
| FRANKLIN COUNTY | ) |
| CORRECTIONAL HEALTHCARE, | ) |
| JANE DOE 1, JANE DOE 2, and | ) |
| ANTHONY SKOBLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is Plaintiff Jonathan Bohn's First Amended Complaint (Doc. 18) filed pursuant to 42 U.S.C. § 1983 on October 24, 2023. Plaintiff claims he was denied medical care for *Staph* infection during his pretrial detention at Franklin County Jail and then transferred to St. Clair County Jail when he complained. He seeks declaratory and monetary relief. *Id*.

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### First Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 18, pp. 4-6): Plaintiff requested antibiotics for a suspected *Staph* infection in his right leg during intake at Franklin County Jail on June 23, 2023. His request was denied. Plaintiff reported ongoing

1

symptoms of swelling, pain, and infection, and he asked for bandages and medication. He met with medical staff on two other occasions but was denied treatment both times. Plaintiff also filed grievances with Nurse Jane Doe 1, Nurse Jane Doe 2, and Anthony Skoble. Instead of treating him, a defendant retaliated against him for filing the grievances by transferring him to St. Clair County Jail. *Id*. at 4, 6. As a result, Plaintiff suffered unnecessarily prolonged pain, infection, and permanent scarring. *Id*. at 6.

## **Preliminary Dismissal**

Plaintiff identifies Franklin County Correctional Healthcare as a defendant but sets forth no allegations against this defendant. If a plaintiff fails to include a defendant in his statement of claim, the defendant cannot be said to have notice of which claims, if any, are directed against it. FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Defendant Franklin County Correctional Healthcare will be dismissed from this action without prejudice.

## **Discussion**

The Court designates the following counts in the *pro se* First Amended Complaint:

**Count 1:** Fourteenth Amendment claim against Defendants for denying Plaintiff medical care for suspected *Staph* infection in his right leg at Franklin County Jail in 2023.

**Count 2:** First Amendment retaliation claim against Defendants for transferring Plaintiff to St. Clair County Jail in retaliation for filing grievances to complain about the denial of medical care for a suspected *Staph* infection in his right leg at Franklin County Jail in 2023.

**Count 3:** Illinois medical malpractice claim against Defendants for denying Plaintiff medical care for a suspected *Staph* infection in his right leg at Franklin County Jail in 2023.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

### Count 1

The Fourteenth Amendment Due Process Clause governs claims of inadequate medical care brought by a pretrial detainee. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). The claim involves a two-part analysis. The first inquiry "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *McCann,* 909 F.3d at 886. The second asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*. The First Amended Complaint articulates a colorable Fourteenth Amendment claim in Count 1 against Nurse Jane Doe 1, Nurse Jane Doe 2, and Jail Administrator Anthony Skoble, who all knew of and disregarded Plaintiff's complaints of suspected *Staph* infection, swelling, and pain in his right leg. This claim survives screening against these three individual defendants.

### Count 2

The First Amendment prohibits prison officials from retaliating against inmates for filing grievances or complaining about the conditions of their confinement. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). A plaintiff bringing a retaliation claim must show that: (1) he engaged in activity that is protected by the First Amendment; (2) he suffered a deprivation likely to deter his future First Amendment activity; and (3) his First Amendment activity was "at least a motivating factor" in the defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the

defendants to rebut the claim by showing that the activity would have occurred regardless. *Manuel*, 966 F.3d at 680.

In the First Amended Complaint, Plaintiff alleges that a defendant retaliated against him by transferring him to St. Clair County Jail immediately after he filed grievances to complain about his medical care at Franklin County Jail.  (Doc. 18, pp. 4, 6).  Plaintiff does not indicate *which defendant* was responsible for the transfer decision, stating only that he was subject to "retaliation by defendant with a[n] immediate transfer to St. Clair County Jail [and] commissary withheld," *id*. at 4, and adding that he was the victim of "retaliation via immediate transfer for filing against defendant's 'disciplinary transfer' to St. Clair County Jail," *id*. at 6.  The Court cannot discern who was responsible for Plaintiff's allegedly retaliatory transfer, so Count 2 shall be dismissed without prejudice for failure to state a claim against any defendants.

**Count 3**

Finally, Plaintiff seeks to bring a medical negligence claim under Illinois state law against the individual defendants.  A district court may exercise supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).  The Court will exercise its supplemental jurisdiction over this claim because the allegations of negligence derive from the same facts as the constitutional claim at issue in Count 1.

To articulate a claim of negligence under Illinois state law, Plaintiff must set forth facts suggesting that each defendant owed him a duty of care, breached the duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)).  Liberally construed, the allegations support a negligence claim against Nurse Jane Doe 1, Nurse Jane Doe 2, and Anthony Skoble.

4

The Court notes, however, that Plaintiff has not provided the affidavit or medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622.  If he intends to proceed with this claim, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit.  *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).  His failure to do so is not dispositive of his claim at this point.  *Id*.  However, Plaintiff must comply with the requirements set forth in 735 ILCS § 5/2-622 in order to survive summary judgment.   For now, Count 3 shall proceed against Nurse Jane Doe 1, Nurse Jane Doe 2, and Anthony Skoble.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 3 against Nurse Jane Doe 1 and Nurse Jane Doe 2, but these defendants must be identified with particularity before service of the lawsuit can be made on them.  The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  In this case, Jail Administrator Anthony Skoble is already named as a defendant, in his individual capacity, and will be added in his official capacity for purposes of responding to discovery aimed at identifying the unknown defendants.  Once the names of Nurse Jane Doe 1 and Nurse Jane Doe 2 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 15) is **DENIED without prejudice**.  The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, if the plaintiff has made reasonable attempts to secure counsel and "the difficulty of the

case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Plaintiff has demonstrated no efforts to locate an attorney on his own. He allegedly has no money for phone calls or stamps. However, Plaintiff has not indicated that he lacks access to email or to contact with family or friends. He should use all available resources to request representation before turning to the Court for assistance.

In addition, Plaintiff has shown his ability to litigate this matter, for now, without assistance. Plaintiff's First Amended Complaint survives screening on fairly straightforward medical claims. Although he will need to identify two unknown defendants (Jane Doe 1 and 2), a third known defendant (Anthony Skoble) can help identify them. If not, Plaintiff may renew his request for representation by filing a new motion, after attempting to find counsel on his own. Plaintiff should attach letters or descriptions of his efforts to find counsel with a new motion.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 18) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **3** will receive further review against **JAIL ADMINISTRATOR ANTHONY SKOBLE** and, once identified, **NURSE JANE DOE 1** and **NURSE JANE DOE 2**, in their individual capacities.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim, and **FRANKLIN COUNTY CORRECTIONAL HEALTHCARE** is **DISMISSED** without prejudice because no claim is stated against this defendant.

**The Clerk's Office is DIRECTED to TERMINATE Defendant FRANKLIN COUNTY CORRECTIONAL HEALTHCARE as a party in CM/ECF and ENTER the**

**standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendants **JAIL ADMINISTRATOR ANTHONY SKOBLE** (individual and official capacities), **NURSE JANE DOE 1** (once identified), and **NURSE JANE DOE 2** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 18), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JANE DOE 1** or **JANE DOE 2** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 18) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/20/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the defendants will enter an appearance and file an Answer to your First Amended Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.