IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JONATHAN W. BOHN, #475159,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-002708-JPG |
| | ) |
| **JANE DOE 1,** | ) |
| **JANE DOE 2, and** | ) |
| **ANTHONY SKOBLE,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Jonathan Bohn filed this action pursuant to 42 U.S.C. § 1983 on August 4, 2023, for alleged violations of his constitutional rights at Franklin County Jail. (Doc. 1). The First Amended Complaint survived screening pursuant to 28 U.S.C. § 1915A, and Plaintiff was allowed to proceed with two claims against Defendants for inadequate medical care. (Doc. 20). Plaintiff has since failed to take necessary steps to move this case forward.

The Court entered numerous Orders requiring Plaintiff to file written notice of any address change within seven days of a relocation. (*See* Docs. 2, 9, 20, and 34). However, several documents were mailed to Plaintiff and returned undelivered with a note indicating that no such person is housed in St. Clair County Jail. (Docs. 25-26, 30-36, and 38). Plaintiff has not updated his address.

The Scheduling and Discovery Order was mailed to Plaintiff on February 22, 2024. However, it was returned undelivered. There, the Court set a deadline for identifying the two unknown defendants no later than April 16, 2024. To date, Plaintiff has not identified either defendant by name. This lawsuit cannot proceed until he does so.

1

Plaintiff also failed to respond to a show cause order requiring him to explain why the case should not be dismissed for failure to update his address. (Doc. 34). The response deadline was March 25, 2024. *Id*. More than a month has passed since this deadline expired, and the Court has received no communication from Plaintiff.

The Court also entered a Notice of Impending Dismissal on April 2, 2024. (Doc. 37). Plaintiff was warned that his failure to update his address by April 16, 2024 would result in dismissal of this action. *Id*. Plaintiff still did not update his address. *Id*. The final deadline expired two weeks ago. *Id*. In fact, the Court has received no communication from Plaintiff since he filed a First Amended Complaint and related documents on October 24, 2023. (Docs. 15-16, 18).

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 2, 9, 20, and 34), his failure to respond to the Order to Show Cause (Doc. 34) and Notice of Impending Dismissal (Doc. 37), and his failure to prosecute his claim against Defendants. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice based for Plaintiff's failure to comply with multiple Court Orders or prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case.

Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  5/2/2024**				<u>**s/J. Phil Gilbert**</u>
						**J. PHIL GILBERT**
						**United States District Judge**